PER CURIAM:
On March 27, 1980, claimant was suspended from duty and from pay as a Building Maintenance Mechanic in the Division of Wildlife Resources pending the outcome of criminal proceedings against him. The indefinite period of suspension was to last no longer than six months.
Eleven months later, on February 23, 1981, the Department of Natural Resources returned the claimant to duty since there had been no court action in his case. By letter dated April 9, 1981, claimant asked the Civil Service Commission for back pay relating to his suspension time, if the suspension had not been legally correct. The Commission subsequently conducted a review of the suspension, and denied the request for back pay because the request had not been made within the thirty-day period following the suspension, as required by West Virginia Code §29-6-15.
In essence, claimant is asking this Court to rule upon the decision rendered by the Civil Service Commission. The Commission’s Order, denying the request for back pay, relies entirely upon the statute cited above, which reads:
“Any employee in the classified service. . .who is suspended for more than thirty days in any one year, may, within thirty days after such dismissal. . .appeal to the commission for review thereof.” (W.Va. Code §29-6-15)
*115 The crucial phrase appears to be “within thirty days after such dismissal.” Claimant’s suspension was supposed to end no later than six months from March 27, 1980, which would place his thirty-day appeal period from September 27, 1980, to October 27, 1980. His suspension actually ended on February 23, 1981, which would place his thirty-day appeal period from February 23, 1981, to March 23, W81. At any rate, claimant did not appeal to the Commission until April 9, 1981. The decision of the Commission was, therefore, correct.
Claim disallowed.